# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LYONS TRADING, LLC, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 3:07-mc-13 (Phillips) |
| UNITED STATES OF AMERICA, Department of the Treasury, Internal Revenue Service, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the court on petitioner's petition to quash summons [Doc. 1], respondent's motion to deny petition to quash and for enforcement of summons [Doc. 14], petitioner's motion to stay proceedings pending transfer decision by Judicial Panel on Multidistrict Litigation [Doc. 15], and respondent's motion for a protective order [Doc. 30]. Because the Judicial Panel on Multidistrict Litigation has issued an order denying transfer [Doc. 29], petitioner's motion to stay is **DENIED** as **MOOT**. Because the United States has established a prima facie case to obtain enforcement of the summons and because petitioner has not met its burden of showing that enforcement would be an abuse of process, petitioner's motion to quash will be **DENIED** and respondent's motion to deny and enforce will be **GRANTED**. Accordingly, the United States's motion for a protective order is **DENIED** as **MOOT**.

## I. BACKGROUND

On July 29, 2007, Agent Weinger of the United States Department of the Treasury, Internal Revenue Service ("IRS") issued a summons to James C. Denneny, III, an individual residing in or around Knoxville. Mr. Denneny is a partner of and indirectly owns 98% of Lyons Trading, LLC, the petitioner. Petitioner buys "distressed" debt from Brazilian companies. "Distressed" debt consists of consumer accounts receivable on which payments have stopped.

As a limited liability company ("LLC"), petitioner has elected to be treated as a partnership for tax purposes. As such, losses "pass through" the company to the individual partners, who may claim the losses on their tax returns. The IRS is currently examining the correctness of the returns filed by petitioner and other entities which pass on losses to their partners, as well as the correctness of returns filed by the individuals to whom those losses pass. The IRS began investigating petitioner in 2006 regarding the correctness of returns filed in tax years ending on December 31, 2003 and December 31, 2004.

Petitioner now moves to quash the summons issued to Mr. Denneny, a third party to this action. The United States has moved to deny the petition to quash and enforce the summons.

## II. ENFORCEMENT OF SUMMONS

### A. *Nature of Suit*

As an initial matter, this court must address the nature of this suit to determine the standards applied. Throughout petitioner's response brief to the United States's motion to deny and enforce, petitioner argues that particular allegations in its petition to quash should be deemed true because the United States did not specifically deny or respond to those allegations. In so doing, petitioner

rests on conclusory allegations and claims that it is allowed to do so because Rule 8 of the Federal Rules of Civil Procedure states that a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

The nature of this dispute, however, is different from that of an ordinary civil suit contemplated by Rule 8. In its response brief, petitioner disputes the IRS's characterization of this proceeding as summary in nature and cites to Seventh Circuit case law in support. [*See* Doc. 24 at 48-51]. Yet it is petitioner who is mistaken as to the nature of this proceeding. The Supreme Court has noted, "Congress ... [laid] down an easily administrable test in § 7602(c): 'Summons enforcement proceedings should be summary in nature ....' " *United States v. Stuart*, 489 U.S. 353, 369 (1989) (quoting S. Rep. No. 97-494, Vol. 1, p. 285 (1982)). The Sixth Circuit likewise characterizes summons enforcement proceedings as summary. *E.g.*, *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 736 (6th Cir. 2006) ("Proceedings seeking enforcement of an IRS summons are intended to be summary in nature ...."); *United States v. Will*, 671 F.3d 963, 968 (6th Cir. 1982) ("A proceeding seeking enforcement of an IRS summons is ... of a summary nature.").

This court therefore must treat this proceeding as summary in nature. This is not to say that the Federal Rules of Civil Procedure are wholly inapplicable. Although they do apply to this case, they are subject to limitation by the court. 47 C.J.S. *Internal Revenue* § 626 (2007). Moreover, Rule 8 in particular is inapplicable because this is not a typical civil dispute. A motion to quash a summons is not comparable to a complaint in an ordinary civil suit. Rather, the court evaluates a motion to quash a summons or a motion to enforce a summons under the following standard: First, the government must establish a prima case for enforcement, typically through the use of an affidavit

demonstrating that the government has met the requirements of a prima facie case. *E.g.*, *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006). The burden then shifts to the petitioner to demonstrate an abuse of process. *Id.* In so doing, the petitioner cannot rest on the basis of bare allegations in its petition and likewise cannot assert that those allegations which the government did not explicitly deny are accepted as true. *E.g.*, *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) ("The taxpayer can rebut the government's prima facie case only by alleging 'specific facts' in rebuttal."). Rather, this court, as will be discussed in more detail below, will review the record to determine whether a prima facie case has been established and whether petitioner has met its burden of demonstrating an abuse of process. Petitioner's arguments that it need simply plead under the liberal requirements of Rule 8, as well as petitioner's arguments that denied allegations which the IRS did not specifically deny must be accepted as true, are therefore without merit.

The summary nature of a summons enforcement proceeding will be discussed more specifically below in the context of petitioner's request for discovery and an evidentiary hearing.

### B. *Procedural Appropriateness of the United States's Response*

Petitioner contests the procedural appropriateness of the United States's response. Petitioner claims that the IRS's motion "does not come under the rubric of 12(b), Rule 56 or any other federal rule. Accordingly, it should be stricken." [Doc. 24 at 16].

Bearing in mind that this is a summary proceeding, the United States's response is typical of summons enforcement proceedings where a taxpayer has filed a motion to quash. *See, e.g.*, *Chiang v. United States*, 31 F. App'x 412, 413 (9th Cir. 2002) (petitioner filed a motion to quash the summons and the government filed a motion to enforce the summons); *Rich v. Cripe*, No. 97-

6405, 1998 U.S. App. LEXIS 31546, at *2-3 (6th Cir. Dec. 15, 1998) ("[Petitioner] filed a motion to quash summons in the district court .... The United States filed a motion to enforce the summons ...."); *Steiniger v. Comm'r*, No. 04-CV-4044, 2005 U.S. Dist. LEXIS 2211, at *1 (E.D. Pa. Feb. 16, 2005) ("Presently before the Court is Petitioner Diane Steiniger's Petition to Quash Summons of Internal Revenue Service and Respondent United States Commissioner of Internal Revenue's Motion for Summary Denial of the Petition to Quash & Summary Enforcement of Summons."); *Cavallaro v. United States*, 153 F. Supp. 2d 52, 54 (D. Mass. 2001), *aff'd*, 284 F.3d 236 (1st Cir. 2002) ("The Cavallaros have filed a motion to quash the IRS summons .... The United States has filed a counterclaim seeking enforcement of the summons ....."). Because the United States's response is procedurally correct, petitioner's objections regarding the procedure of the United States's response are overruled.

### C. *Prima Facie Case*

In *United States v. Powell*, the Supreme Court enumerated the four elements of a prima facie case that the United States must establish in order to enforce a summons. The government must demonstrate that 1) the investigation serves a legitimate purpose, 2) the inquiry might be relevant to that purpose, 3) the IRS does not already possess the information, and 4) the administrative procedure required by the Internal Revenue Code has been established. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *e.g.*, *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006). Once the government establishes its prima facie case, the burden shifts to the taxpayer to demonstrate that enforcement would nevertheless constitute an abuse of process. *E.g.*, *Monumental Life*, 440 F.3d at 733.

In the instant matter, petitioner contests each element of the prima facie case.

### 1. *Legitimate Purpose*

First, petitioner argues that the summons was not issued pursuant to a legitimate purpose. Petitioner alleges that the summons was intended to harass and to serve as an invalid pre-litigation discovery tool. Further, plaintiff alleges that the summons was issued despite the IRS's purported indication that the transactions at issue are lawful.

The government has, however, established the legitimate purpose prong of its prima facie case. The government asserts that the summoned documents will aid it in its evaluation of petitioner's tax returns. The pass-through tax status of the petitioner is of particular importance here. Because losses claimed by the petitioner are passed through to Mr. Denneny for tax purposes, the documents he possesses will reflect directly on the correctness of petitioner's tax returns. Given that the IRS is charged to ensure that taxpayers pay the correct amount of tax, *see* 26 U.S.C. § 6201(a) (2006), summoning the documents of a partner to whom losses are passed for tax purposes is certainly a legitimate purpose.

Furthermore, petitioner has not established that enforcement would constitute harassment or an improper means of obtaining pre-litigation discovery. Petitioner's claims with regard to harassment are discussed throughout this opinion; petitioner has not demonstrated adequate evidence to establish that the IRS intends to harass the petitioner. Indeed, as just discussed, the government has demonstrated a legitimate purpose for examining Mr. Denneny's records, in that the pass-through status of petitioner is directly related to Mr. Denneny's documents. Moreover, petitioner's arguments that the government is using this as an improper means for pre-litigation discovery are without merit. Petitioner has not demonstrated any affirmative evidence tending to support this statement, and as the government asserts, the decision to file suit rests with the taxpayer. In any

event, as will be discussed below, the Sixth Circuit has never allowed restrictions on the IRS's use of materials once the summons is enforced, *see United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 737 (6th Cir. 2006), and this court will not address the manner in which the IRS uses the materials once they have gained possession.

    2.  *Relevance*

Petitioner likewise argues that the summons of documents to Mr. Denneny is not relevant to the correctness of returns filed by petitioner and the correct tax liabilities owed by persons through their interest in petitioner. Petitioner specifically disputes the IRS's seeking of documents related to legal or tax advice related to petitioner.

The standard for relevancy, however, is quite broad. The Sixth Circuit recognizes that "[t]he test for *Powell* relevance is generous." *Boyd v. United States*, 87 F. App'x 481, 484 (6th Cir. 2003). Specifically, the statute authorizes the IRS "[t]o examine any books, papers, records, or other data which *may be relevant* or material to" ascertaining the correctness of returns and determining liability, as well as "[t]o summon [related persons] to produce such books, papers, or other data, and to give such testimony, under oath, as *may be relevant* or material to such inquiry." 26 U.S.C. § 7602(a)(1)-(2) (2006) (emphasis added). The Supreme Court has interpreted the language "may be relevant" as "reflect[ing] Congress's express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984), *quoted in Boyd*, 87 F. App'x at 484-85.

In support of its contention that the request is overbroad and therefore not relevant, petitioner cites to only one Sixth Circuit opinion, that of *United States v. Monumental Life Insurance Co.* That case, however, is distinguishable from the one at bar. In *Monumental Life Insurance Co.*, the

Sixth Circuit stated that the "mere assertion of relevance by an IRS agent will not necessarily satisfy the government's burden." *Monumental Life Ins. Co.*, 440 F.3d at 736. At issue in that case, however, were the tax deductions that the taxpayer had taken for contributions to its employee welfare plan. *Id.* at 731. The third party summoned was one of three life insurance companies from whom the taxpayer had purchased policies for its employees. *Id.*

In contrast, in the instant case the summoned third party, Mr. Denneny, is a partner of the taxpayer company. This relationship to the petitioner is clearly distinguishable from the more attenuated relationship between the third party and the taxpayer in *Monumental*. Here, petitioner enjoys "pass-through" status, meaning that the petitioner, though a limited liability company, has chosen to be treated as a partnership for tax purposes, and Mr. Denneny may claim any losses petitioner suffers on his federal income tax return. [Doc. 14, Attach. #1 ¶¶ 3-4, 14-22]. As such, the various documents which the IRS seeks may be relevant to the inquiry of whether petitioner has correctly accounted for its tax liability. Due to the relationship of Mr. Denneny to the taxpayer company in question, the IRS has met the threshold for relevance.

### 3. Documents Already in the IRS's Possession

Petitioner argues that because it has already produced a large volume of documents in compliance with the IRS's request, the IRS already possesses the necessary documents. Petitioners seems to rest on a notion that because the IRS has not given an accounting of sorts demonstrating that the documents are not in its possession, the IRS has not established its prima facie case. In support of this proposition, petitioner again contends that Federal Rule of Civil Procedure 8 requires the petitioner simply to give a "short and plain" statement that it is entitled to relief. As discussed above, however, Rule 8 does not govern this case; rather, the standards set forth by the Supreme

Court in *Powell* and its progeny govern. The burden of proving a prima facie case, however, rests on the IRS, and as such it must demonstrate that it does not already possess the documents requested. The IRS need not prove this to a degree of certainty or demonstrate probable cause, but rather simply demonstrate good faith. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

Here, the IRS has argued that the petitioner's compliance is not to the extent petitioner claims, [Doc. 25 at 7], and Agent Weinger testified in his declaration[1] that the IRS does not possess any documents from Denneny. [Doc. 14, Attach. #1 ¶ 10]. More importantly, the IRS argues that it needs to verify whether there are inconsistencies among the documents. [Doc. 25 at 7-8]. This information given in good faith serves to establish the requirement that the IRS does not already possess the information. *See, e.g.*, *Mollison v. United States*, 481 F.3d 119, 124 (2d Cir. 2007) ("However, the IRS is seeking documents beyond what those statements purport to be.... Until the statements are verified, we cannot consider them duplicative of any of the information sought, much less all the information sought."). Because the declaration of Agent Weinger demonstrates the IRS's good faith belief that it does not possess the documents, the government has satisfied its burden under this requirement. *E.g.*, *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006) ("The requisite showing [of a prima facie case] is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." (quoting *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982))); *United States v. Alpha Med. Mgmt., Inc.*, No. 96-5825, 1997 U.S. App. LEXIS 16209, at *5-6 (6th Cir. June 26, 1997) ("The government may

---

[1] The court notes briefly that Agent Weinger's declaration, though not under oath, adheres to the requirements of 28 U.S.C. § 1746, as it is signed, dated, and declared under penalty of perjury, and is therefore equivalent to an affidavit. 28 U.S.C. § 1746 (2006) ("Wherever ... any matter is required or permitted to be supported, evidenced, established, or proven by the sworn ... affidavit, in writing of the person making the same .... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration ... in writing of such person which is subscribed by him, as true under penalty of perjury, and dated ....")

establish its prima facie case by an affidavit of an investigating agent. The government's burden is slight, as the statute must be read broadly to facilitate the enforcement powers of the IRS.").

### *4. Notice and Other Procedure*

Finally, petitioner argues that the government did not strictly adhere to the notice procedures as required. Petitioner does not attempt to support these allegations with any specific evidence but again rests simply on the assertion that Rule 8 only requires a "short and plain statement." As described above, however, enforcement proceedings are not evaluated by this standard. Rather, the government bears a minimal burden of demonstrating its prima facie case, and petitioner bears a heavy burden of demonstrating that enforcement would be an abuse of process. Petitioner's unsubstantiated allegations that notice was lacking will not suffice, and in any event, even assuming there were violations of the notice requirements, 26 U.S.C. § 7609(a) (2006), petitioner has failed to demonstrate how it would be prejudiced by these alleged procedural deficiencies. *See, e.g.*, *Boyd v. United States*, 87 F. App'x 481, 485 (6th Cir. 2003) ("[B]ecause the plaintiffs have not demonstrated any actual or even possible prejudice from these two violations, we reject the plaintiffs' invitation to use this case to teach the IRS a lesson."); *Kondik v. United States*, 922 F. Supp. 54, 55 (N.D. Ohio 1995), *aff'd*, 81 F.3d 655 (6th Cir. 1996) ("[T]his court finds ... that the departures were *de minis*, in that the IRS agent manifested no bad faith, *neither did his actions harm nor otherwise prejudice the Petitioners*." (emphasis added)). In short, without more than petitioner's bare allegations, this court does not find that petitioners were in any way prejudiced by any alleged procedural deficiencies.

### D. *Abuse of Process*

Petitioner argues that even if the IRS has established a prima facie case, the summons must nevertheless be quashed as an abuse of process by the government. Once the government has established a prima facie case, the burden shifts to the petitioner either to "disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.' " *United States v. Monumental Life Ins.* Co., 440 F.3d 729, 733 (6th Cir. 2006) (quoting *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)). This burden, however, is heavy and requires more proof than that which is required for the government to establish a prima facie case. *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996); *accord Wagenknecht v. United States*, 22 F. App'x 482, 484 (6th Cir. 2001).

In arguing that the summons constitutes an abuse of process, petitioner again contends that the summons constitutes harassment and is a means for the IRS to obtain pre-litigation discovery. Further, petitioner argues that the IRS has an ulterior motive, that the IRS is using the summons to extend improperly the statute of limitations, and that the summons violates its First Amendment rights to free speech and redress of grievances and its Fifth Amendment right to due process. The court has already addressed petitioner's claims of harassment and pre-litigation discovery and will address the remaining arguments in turn.

First, petitioner claims that the United States has an ulterior motive, seemingly related to its claims of harassment and illegitimate purpose. Petitioner reasserts its arguments that the United States aims to harass petitioner, to target John Rogers, the founder of petitioner company, as a tax shelter promoter, and to use the summons as a means of thwarting discovery tools.

In support of these arguments throughout its response brief, petitioner relies on the affidavits of Sweta Shah, an attorney for petitioner, and John Rogers. Petitioner claims that these affidavits evince that threats were made, and therefore the IRS's purpose is to harass petitioner. Yet after careful examination of these affidavits, this court cannot be so sure. For example, while Ms. Shaw has testified that in a telephone conversation on November 8, 2006, Agent Ray Tabor threatened "action pursuant to 'Circular 230,'" even accepting this "threat" as true, petitioner has not met its "heavy burden" of establishing an abuse of process. The threat of action against an attorney pursuant to Circular 230 simply does not meet petitioner's heavy burden of demonstrating that the summons was issued in bad faith or that to enforce the summons would be an abuse of process. It does not refute the government's legitimate purpose, as discussed above, for issuing and enforcing the summons.

Furthermore, petitioner does not meet its "burden of showing an abuse of the court's process ... by a mere showing ... that the records in question have already been once examined." *United States v. Powell*, 379 U.S. 48, 58 (1964). Although the government must demonstrate a good faith belief that it does not already possess the documents as part of its prima facie case, *see* discussion *supra* Part II.C.3, even if it in the course of enforcing the summons it reexamines records, this does not constitute an abuse of process. In short, petitioner cannot meet its heavy burden of demonstrating an abuse of process simply on the basis of one agent's actions or claims that because it has already cooperated, continued examination would constitute harassment.

Petitioner next argues that enforcement would constitute an abuse of process because the government is merely attempting to extend improperly the statute of limitations because the statutory period runs from the filing of a petition to quash. First, petitioner argues that the IRS cannot hide

behind a technicality when it was the issuance of the summons that caused the litigation. The only case petitioner cites in favor of this assertion is a case regarding an award of attorney's fees. In that case, which is not binding precedent on this court, the court granted attorney's fees in favor of plaintiffs on the basis of the IRS's unreasonable delay. *McConaughy v. United States*, 833 F. Supp. 534 (D. Md. 1993). However, that case would be inapplicable even were it binding on this court: there, the plaintiffs had filed suit to recover their tax refunds. *Id.* at 536. That sort of proceeding, although it pertains to tax liability and involves the IRS, is incomparable to a summary proceeding to quash a summons, and the court is not persuaded by petitioner's arguments. Second, petitioner asserts that the three-year period in which the IRS may audit tax returns has expired or will soon, and the summons should be quashed accordingly. Yet the Supreme Court squarely addressed this defense in *Powell*, holding: "The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for ordinary deficiencies has run ...." *United States v. Powell*, 379 U.S. 48, 58 (1964). Petitioner's argument is without merit; accordingly, petitioner has failed to meet its heavy burden of demonstrating an abuse of process.

Petitioner next submits that enforcement would impinge upon its First Amendment right to freedom of speech. The court is somewhat perplexed by petitioner's argument, as it consists mainly of a conclusory statement that producing information impinges on its First Amendment right to the extent the government requests information regarding legal, tax, professional, management, accounting, and tax advice, and all information relating to meetings, conferences, and telephone conversations where petitioner was discussed. Yet petitioner has pointed to no precedent demonstrating why it believes this to be an impingement of its freedom of speech. Indeed, the only

case to which petitioner cites, apart from cases discussing the standards of regulating commercial speech, is a Ninth Circuit case in which that court vacated enforcement of the summons on First Amendment grounds. Petitioner fails to note, however, that the Ninth Circuit vacated the enforcement because petitioners had made a prima facie showing of violations of their First Amendment freedoms of association and religion, not speech. *United States v. Trader's State Bank*, 695 F.2d 1132, 1133 (9th Cir. 1983) (per curiam). As such, the case is wholly inapposite, and petitioner has made no showing why enforcement would impinge on its First Amendment right to freedom of speech.

Likewise, petitioner's arguments that enforcement of the summons would violate its Fifth Amendment rights to due process are without merit. Petitioner cites case law that in general states that "procedural due process requirements would not be satisfied in cases 'in which an aggrieved party has no access at all to judicial review.' " [Doc. 24 at 47 (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746 (1974))]. The cases cited by petitioner, however, are inapplicable to this case. First, petitioner is afforded process before the summons is enforced; namely, the petitioner has the right to bring this petition to quash the summons. While petitioner is correct that the Code "does not condone enforcement of summonses so blatantly overbroad and burdensome[,] the enforcement of which would cripple a taxpayer's business," the framework that the Supreme Court has dictated for analyzing a summons enforcement proceeding serves to safeguard against that outcome. Specifically, due process is served by the requirement that the government make a prima facie showing and is further protected by allowing the taxpayer an opportunity to rebut such a showing. The Constitution requires no further process in a summary proceeding such as this. *See United States v. Will*, 671 F.2d 963, 968 (6th Cir. 1982) ("A proceeding seeing enforcement of an IRS

summons is an adversary proceeding. However, such a proceeding is of a summary nature: a summonee, bearing the burden of proving bad faith, harassment, or some other abuse, must *only* be afforded an opportunity to substantiate his allegations." (emphasis added) (inner citations removed)). Indeed, as will be discussed below, courts have routinely held that where the record before the court is complete, there is no right to an evidentiary hearing in a taxpayer summons enforcement proceeding.

Petitioner next argues that enforcement of the summons would be a violation of its First Amendment right to petition the government for redress of grievances. Petitioner claims that enforcement without a full adversarial proceeding or hearing would violate its right to be heard and destroy its business before any chance of "meaningful judicial review." Yet as this court has noted and as will be discussed in full below, it is well established that no right to an evidentiary hearing in a summary summons enforcement case exists. This is not an abridgement of petitioner's right to petition the government for a redress of grievances. As previously discussed, that right is maintained through the process of petition to quash and by the procedural framework which the Supreme Court has established under *Powell* and its progeny.

In sum, petitioner has not met its heavy burden of demonstrating that enforcement would be an abuse of process. Because the government has established a prima facie case, therefore, the summons must be enforced.

### E. *Entitlement to Discovery and Evidentiary Hearing*

Petitioner further argues that it is entitled to discovery and an evidentiary hearing because it has created "at least an inference of wrongful conduct." [Doc. 24 at 51].

In the Sixth Circuit, "there is no unqualified right to pretrial discovery in a summons enforcement proceeding.... Rather, the use of discovery devices in summons enforcement proceedings should be limited to those cases where a taxpayer makes a preliminary *and substantial* demonstration of abuse." *United States v. Markwood*, 48 F.3d 969, 982-83 (6th Cir. 1995) (emphasis added) (quoting *United States v. Will*, 671 F.2d 963, 968 (6th Cir. 1982)). As noted above, summons enforcement proceedings are summary in nature, and "to impose such a right [to discovery] would often destroy the summary nature of such a proceeding." *Id.* (quoting *Will*, 671 F.2d at 968). Discovery is thus permitted "only after the party subject to the subpoena makes a 'preliminary and substantial demonstration of abuse' of the court's process." *Id.* (quoting *Will*, 671 F.2d at 968). This, however, is a heavy burden, and as the court discussed above, petitioner has not demonstrated that enforcement would constitute an abuse of process. Discovery therefore is not permitted in this case.

Likewise, the summary nature of an IRS summons enforcement proceeding leaves the "permissible scope of the hearing ... to the discretion of the district court." *United States v. Monumental Life Ins. Co.*, 440 F.3d 720, 736 (6th Cir. 2006) (quoting *Will*, 671 F.2d at 968). In *Will*, the Sixth Circuit held that "if [the district court] concludes that it cannot fairly decide the case on the evidence before it, the court is free to direct such further proceedings as its discretion dictates; conversely, if the evidence is sufficient, no further hearing is needed." *Will*, 671 F.2d at 968; *accord Rich v. Cripe*, No. 97-6405, 1998 U.S. App. LEXIS 31546, at *7 (6th Cir. Dec. 15, 1998) ("Because the evidence before the court was sufficient to determine that enforcement was proper, no hearing was needed."). This court has decided that the evidence before it, including extensive briefs and additional exhibits submitted by the parties, is far more than sufficient, and therefore no hearing is

required. Indeed, petitioner's response alone to respondent's motion to deny and enforce totaled 414 pages. Given the breadth of information presented to the court in the briefs, no further evidentiary hearing is necessary.

In sum, the summary nature of a summons enforcement proceeding dictates that the petitioner is not entitled to discovery or a hearing. Rather, that decision is left to the discretion of the district court if it determines that the petitioner has not sufficiently demonstrated an abuse of process. Because this court finds the evidence before it is sufficient, no discovery or a hearing is necessary to resolve this dispute, and petitioner's arguments that it is entitled to both are therefore overruled. Because the court has determined that discovery is not permitted and the summons should be enforced, the United States's motion for a protective order is denied as moot. Petitioner must cease all discovery attempts and respond to the summons.

### F. *Conditional Enforcement*

Finally, in its response brief in opposition to respondent's motion to deny and enforce, petitioner requests that the court conditionally enforce the summons. Petitioner specifically requests that the court 1) enforce the summons only to the extent that the IRS does not already possess the information, 2) impose a protective order, restricting the information's use in subsequent proceedings, 3) require the IRS supplement the cost, 4) require the IRS impose reasonable deadlines, and 5) prohibit the IRS from seeking privileged or confidential information. [Doc. 24 at 53-54]. Conditional enforcement restricts the IRS's *use* of summoned materials, in contrast to partial enforcement, which narrows the *scope* of the summons by limiting the type and amount of documents that the summoned party must produce. *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 737 (6th Cir. 2006).

Petitioner attempts to bolster this request by citing several decisions by other circuits, in which those courts allowed conditional enforcement of a summons. Petitioner ignores, however, Sixth Circuit precedent in which that court explicitly left the issue undecided. In *United States v. Monumental Life Insurance Co.*, a 2006 opinion of which the petitioner is aware, having cited thereto elsewhere in its opposition brief, the Sixth Circuit noted, "Although this court has permitted a summons to be limited in scope, we have never addressed the question of whether conditional enforcement is permissible .... This circuit's position on the issue need not be decided at the present time ...." *Id.* This court therefore will not grant conditional enforcement of a summons.

### III. CONCLUSION

In conclusion, Petitioner's Motion to Stay Proceedings Pending Transfer Decision by Judicial Panel on Multidistrict Litigation [Doc. 15] is **DENIED** as **MOOT**. Because a summons enforcement proceeding is summary in nature, this court has before it the materials necessary to resolve the matter and needs not hold an evidentiary hearing or permit the parties to pursue discovery. Because the government has established a prima facie case for enforcement and petitioner has failed to demonstrate why enforcement would be an abuse of process, Petitioner's Motion to Quash Summons [Doc. 1] is **DENIED**, and respondent's Motion to Deny Petition to Quash and for Enforcement of Summons [Doc. 14] is **GRANTED**. Having determined in enforcing the summons that discovery and an evidentiary hearing are not warranted, respondent's motion for a protective order [Doc. 30] is **DENIED** as **MOOT**. Petitioner shall comply with the summons as specified therein and cease attempts at discovery.

**IT IS SO ORDERED**.

**ENTER:**

<pre>            s/ Thomas W. Phillips        
           United States District Judge</pre>