UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LYONS TRADING, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-mc-13 |
| | ) | (Phillips) |
| UNITED STATES OF AMERICA, | ) | |
| Department of the Treasury, | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on petitioner's motion to stay judgment enforcing summons pending appeal [Doc. 40], to which the government responded [Doc. 41] and petitioner replied [Doc. 42]. For the reasons that follow, petitioner's motion is **DENIED**.

**I.  BACKGROUND**

Petitioner initiated this action to quash summons on July 13, 2007. In response, the government filed a motion to deny petition to quash summons and for enforcement of summons. On February 8, 2008, this court granted the government's motion to enforce summons and denied the petition to quash summons.

Petitioner appealed the court's decision on February 15, 2008, and on March 10, 2008, moved this court to stay the enforcement of the summons pending its appeal to the Sixth Circuit, or alternatively to grant a stay pending an application for a stay to the Sixth Circuit.

## II.     ANALYSIS

### A.     *Stay Pending Appeal*

When considering a motion to stay pending appeal, the court balances the four following factors:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other parties; and (4) where the public interest lies.

*Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (quoting *Baker v. Adams County/Ohio Valley School Bd.*, 310 F.3d 927, 928 (6th Cir. 2002)). In considering these factors, "a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (inner citations omitted); *accord, e.g.*, *Family Trust Found.*, 388 F.3d at 227; *Grutter v. Bollinger*, 247 F.3d 631, 633 (6th Cir. 2001). However,

> the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Mich. Coal.*, 945 F.2d at 153-54 (inner citation omitted) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). Petitioner has failed to meet its burden on any of these elements.

### 1.     *Likelihood of Success on the Merits*

First, petitioner has failed to demonstrate a likelihood of success on the merits. Petitioner

first argues that it will likely succeed on appeal due to this court's failure to permit petitioner to conduct discovery or grant an evidentiary hearing. The court fully explored the merits of this argument, however, in its Memorandum Opinion of February 8, 2008, whereby the court held that petitioner has failed to make a substantial showing of abuse by the government such that it is permitted to discovery. [Doc. 34 at 15-16]. The court likewise determined that the extensive evidence before it precluded the need for an evidentiary hearing. [Doc. 34 at 16-17].

Moreover, the new "evidence" to which petitioner cites in its brief fails to raise "serious questions going to the merits." Petitioner argues that Agent Weinger, the Internal Revenue Service ("IRS") agent assigned to this case, admitted that the summoned party should have information about the motives underlying the transactions in question. Petitioner then devolves into a convoluted argument regarding whether the underlying motives are a proper grounds of establishing relevancy. This court, however, already fully discussed the government's prima facie case, in important part the relevancy of the summoned documents. [*See* discussion Doc. 34 at 5-10]. Because the government has established a prima facie case for issuing the summons, petitioner must meet a heavy burden of establishing that enforcement thereof would nevertheless constitute an abuse of process. [*See* discussion Doc. 24 at 11-15]. These bald allegations of inconsistency regarding whether motive is a proper grounds for relevancy do not meet that burden and therefore do not serve to refute the government's prima facie case.

Likewise, petitioner has yet again failed to point to any evidence indicating that the IRS is abusing its position by using the summons as a pre-litigation tool. Agent Weinger's mere admission that he has communicated with Mr. Letkewicz, IRS counsel, in no way substantiates that the government is using the summons for such means.

Regardless of how vehemently petitioner argues, it cannot disguise that it has merely posited conclusory allegations falling far short of the heavy burden it must meet to succeed on the merits. The court also reiterates that it previously explored the merits of petitioner's case in its Memorandum Opinion and found that petitioner had failed to meet the standards to quash a summons. In sum, petitioner has failed to demonstrate a likelihood of success on the merits.

### 2. *Irreparable Harm*

Moreover, petitioner's arguments that it will suffer irreparable harm do not favor granting a stay. First, petitioner argues that it will suffer irreparable harm in the absence of a stay because its appeal effectively would be moot. The court is perplexed by petitioner's attempted distinctions of the Supreme Court's opinion in *Church of Scientology of California v. United States*, 506 U.S. 9 (1992). In that case, the Supreme Court held that an appeal of an order enforcing an IRS summons was *not* rendered moot by compliance therewith during the pendency of the appeal. *Id.* at 12-13. Because the appellate court could "fashion *some* form of meaningful relief" and because the petitioner had an ongoing injury due to the government's possession of its material, the potential partial remedy of ordering the destruction or return of all materials served to prevent the case from being moot on appeal. *Id.* at 13.

Petitioner attempts to distinguish this case, arguing that the substantial costs already incurred by petitioner have subjected it to irreparable harm, such that if a stay is denied, there is no potential partial remedy sufficient to prevent the case from being moot on appeal. [Doc. 40 at 5-6]. This, however, is insufficient to demonstrate irreparable harm, as "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quotation omitted), *quoted in Baker v. Adams*

*County/Ohio Valley School Bd.*, 310 F.3d 927, 930 (6th Cir. 2002). More importantly, petitioner has failed to demonstrate how enforcement would render its appeal moot. Indeed, the facts of *Church of Scientology* were very similar to the present case, as the petitioner had unsuccessfully sought to stay enforcement of the summons pending appeal. *Id.* at 11. Accordingly, this court finds that enforcement would not moot petitioner's appeal, and petitioner would not be irreparably harmed. Even if there were a possibility that petitioner's appeal would be moot in the absence of a stay, however, balancing that concern against petitioner's marked failure to demonstrate a likelihood of success on the merits, this court would still arrive at the conclusion that a stay is not warranted.

The court further notes that a motion for a stay pending appeal serves as a procedural safeguard against the possibility of the appeal being rendered moot upon enforcement. Indeed, this is the very reason why petitioner must demonstrate that it will suffer *irreparable* harm. Moreover, this procedural safeguard is twofold: if the district court denies the motion, petitioner has an opportunity to seek a stay pending appeal before the appellate court. Fed. R. App. Pro. 8(a)(2)(A)(ii) (having been denied motion to stay before district court, motion may be made to the court of appeals or one of its judges). This twofold safeguard, however, is not a boundless opportunity for the movant to delay litigation, and even if petitioner would suffer harm in the absence of a stay, such a stay is not warranted unless the harm is *irreparable*. Here, the court fails to see how the harm petitioner would suffer is irreparable, as plaintiff has only alleged injuries of "money, time, and energy expended." *Sampson*, 415 U.S. at 90. Such injuries are not irreparable, *id.*, and any further harm petitioner might suffer can be partially remedied by the return or destruction of the materials issued. *Church of Scientology*, 506 U.S. at 13.

Petitioner has, in sum, failed to meet its burden of demonstrating that it will be *irreparably*[1] harmed.

### 3. *Substantial Injury to Other Parties*

It is clear that the government will suffer substantial injury in the event that a stay is granted. The instant action has been ongoing for nearly a year, having commenced on July 13, 2007. While petitioner has correctly asserted that it has a right to appeal and to do so within the corresponding deadlines, the court reiterates that petitioner has failed to demonstrate a likelihood of success on the merits and appears merely to be delaying this litigation. Moreover, this balancing test takes into consideration both petitioner's right to appeal and the government's interest in avoiding substantial injury. Simply put, the government has already suffered substantial injury in the delay of pursuing this summons in what, as it has noted, is intended to be a summary enforcement proceeding. [*See* discussion Doc. 34 at 2-4, 15-17].

### 4. *Public Interest*

Finally, the public interest likewise weighs in favor of denying a stay. Petitioner argues that the public interest is "served by allowing petitioner to exercise its right to an appeal rather than by allowing the IRS to moot such an appeal." [Doc. 40 at 6]. As the court discussed, however, petitioner has failed to demonstrate how enforcement would wholly moot its appeal, and in any event, this court is not depriving petitioner of its opportunity to seek an appeal or to further petition the Sixth Circuit for a stay of enforcement pending appeal. Moreover, petitioner's use of the *Powell* case is misplaced. While Congress is concerned about preventing abuse by the government, the

---

[1] Tellingly petitioner waited until March 10, 2008 to file its motion to stay. If the harm that petitioner would suffer from enforcement were truly irreparable, it would seem that petitioner would file its motion to stay as expeditiously as possible following its notice of appeal.

prima facie test established in *Powell* that enforcement is justified, coupled with petitioner's opportunity to rebut that finding, serve to protect against that contingency. [*See* Doc. 34 at 14 ("[D]ue process is served by the requirement that the government make a prima facie showing and is further protected by allowing the taxpayer an opportunity to rebut such a showing.")].

Indeed, the public interest is best served by expedient litigation that does not unnecessarily exhaust judicial resources. Were petitioner's claim likely meritorious, this motion and the delay of the enforcement could not be said to be an uneconomic use of judicial resources, as petitioner would be safeguarding its rights. Yet the unlikelihood of success on the merits and the failure to demonstrate irreparable harm clearly outweigh any such possibility.

In sum, the balance of factors weighs against granting petitioner's motion to stay.

### B.     *Stay Pending Request for Stay in Sixth Circuit*

Finally, in the event this court denies its motion to stay, petitioner requests the alternative relief of a short stay pending its application for a stay to the Sixth Circuit under Federal Rule of Appellate Procedure 8(a)(2)(A)(ii). Having fully articulated the reasons why a stay is not warranted, however, this court sees no reason to grant the alternative relief requested; indeed petitioner has pointed to no further grounds demonstrating why this court should grant such alternative relief. Were the balance of factors more evenly distributed as to each party's interest, this court might be swayed to grant the relief requested; however, as discussed above, the balance of factors weighs heavily in favor of denying petitioner's motion. The court will therefore decline to grant the alternative relief requested

## III. CONCLUSION

Having balanced the interests of the parties and the public and considered petitioner's likelihood of success on the merits, this court determines that petitioner has not satisfied its burden of demonstrating why a stay of enforcement of the summons during the pendency of petitioner's appeal is warranted. Further, petitioner has failed to demonstrate why this court should grant the alternative relief requested of a stay pending petitioner's application to the Sixth Circuit for a stay pending appeal. Accordingly, petitioner's motion [Doc. 40] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge